# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

_____

| | |
|---|---|
| **Dr. Keith F. Bell** | § |
| **Plaintiff , Pro Se** | § |
| **v.** | § **Civil Action No. _____** |
| **Board of Education, Basehor-Linwood USD 458,** | § **Jury Demanded** |
| | § |
| and | § |
| **Susan Mayberry,** an employee of Basehor-Linwood Unified School District | § |
| and | § |
| **Scott Russell**, an employee of Basehor-Linwood Unified School District | § |
| | § |
| **Defendants.** | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

Dr. Keith F. Bell ("Plaintiff" or "Dr. Bell") brings this suit against Defendants Board of Education, Basehor-Linwood USD 458 ("Defendant" or "BOE458"), Scott Russell and Susan Mayberry ("Defendants" or "Russell" and "Mayberry", respectively) as employees of Basehor-Linwood School District (BLUSD), and alleges as follows:

## **INTRODUCTION**

1.     This case arises from the repeated copyright infringement by BLUSD of the copyright registrations of Dr. Bell **(Exhibits 1-3)** through their employees Scott Russell, the Boys Track and Field coach and Susan Mayberry, the Bobcat Varsity Softball Team, both employed at Basehor-Linwood High School by BLUSD.

2.     In and around February 12, 2017, May 16, 2018, and March 9, 2019, Russell, as an employee of BLUSD, distributed copyrighted material owned by Dr. Bell without his authorization, via Twitter. (**Exhibits 4-6**)

3.     On April 15, 2019 Dr. Bell provided notice to the BLUSD demanding the infringing activities of copying and distribution cease immediately. The infringing activities did not stop.

4.     On August 26, 2021 Dr. Bell again provided notice to the BLUSD that the infringing posts referred to in April 15, 2019 notice to cease & desist remained up.

5.     Dr. Bell additionally noted in his August 26, 2021 correspondence that an additional post of his copyrighted material was made, without his authorization, on May 18, 2018 by BHLS Girls Softball via Facebook.com. (**Exhibits 7-8**)

6.     As of April 13, 2022 the BHLS Girls Softball posting remains up at: https://www.facebook.com/permalink.php?story_fbid=1872660722772079&id=106202026084633 (**Exhibit 8**) and at: https://www.facebook.com/blhssoftball/photos (**Exhibit 9).**

7.     By doing so, Mayberry and BLUSD not only infringed upon Dr. Bell's copyright, but willfully engaged in infringing activities by ignoring Dr. Bell's demands to cease use of the copyrighted materials without Dr. Bell's authorization.

8.   Accordingly, Dr. Bell now brings this lawsuit for copyright infringement against Defendants Mayberry, Russell, and BLUSD.

## THE PARTIES

9.   Dr. Bell resides in Austin, Texas, and maintains a residence at 3101 Mistyglen Circle, Austin, Texas 78746.

10.  The Basehor-Linwood School 458 District is organized under the laws of the state of Kansas and according to its website (https://www.usd458.org/) maintains their principal office at Basehor-Linwood 458 2008 N. 155th St. Basehor, KS 66007.

11.  The Board of Education for Basehor-Linwood USD 458 (BOE458) was created by the Kansas Legislature and is an agent of the state, selected to represent and act for the state in providing the district with educational programs and facilities. BOE458 is the policy-making body for the school system, serving within the framework provided by law, the will of the local citizenry, and the ethics of the education profession and maintains their principal office also at Basehor-Linwood 458 2008 N. 155th St. Basehor, KS 66007.

## JURISDICTION AND VENUE

12.  This is a civil action arising primarily under the Copyright Act, 17 U.S.C § 101, *et seq.*, for copyright infringement.

13.  This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. § 1338 (general jurisdiction for copyright infringement), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

14.   This Court has personal jurisdiction over Defendants the Board of Education, Basehor-Linwood USD 458 (aka BOE458), Mayberry and Russell because they reside in the district and because of the actions alleged herein, which also took place in this District.

15.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because the Defendants reside in this District.

## THE FACTS

16.   Dr. Bell authored and owns a valid copyright registration in a popular motivational book titled *Winning Isn't Normal*®[1] (the "Book"). The Book's copyright registration was issued on September 21, 1989 (No. TX-0002-6726-44) and is attached as **Exhibit 1** to this Complaint.

17.   Dr. Bell published the Book in 1982 to critical acclaim, wide distribution, and significant publicity.  He continues to promote, distribute, offer for sale, and sell the Book through multiple websites, such as Amazon.com and www.winningisntnormal.com (which Bell owns).

18.   Within the Book is a famous excerpt (the "Passage"), which is attached as **Exhibit 2** to this Complaint. Dr. Bell uses the Passage when marketing his own derivative works, such as posters and t-shirts. Dr. Bell also owns a separate copyright registration for the Passage (No. TX-8-503-571), which is attached as **Exhibit 3** to this Complaint.

19.   The Book's success has increased Dr. Bell's recognition as an authority in his field.

20.   He has been invited to speak at conferences, symposia, and other engagements as a result of the Book and the Passage.

21.   Dr. Bell plainly marks and provides notice of his copyrights. He includes the relevant copyright notices on physical and electronic copies of the Book, and has a conspicuous notice on the purchase page of *Winning Isn't Normal*®:

---

[1] *See*  https://winningisntnormal.com/product/winning-isnt-normal/

4

**COPYRIGHT NOTICE:**

*All books, posters and other items herein are copyrighted works, protected by U.S. & International laws of copyright. In addition, "Winning Isn't Normal" is a registered trademark. The use, in print, electronic, or any other way, of any of this material, in part or whole, requires expressed written permission from the author, Dr. Keith Bell. Attribution alone is not a substitute for the permission to use copyrighted or trademarked work, nor does ownership of a physical copy constitute permission for use.*

**FOR LICENSING RIGHTS**
*Dr. Bell offers fair and reasonable licenses to those who wish to publish or otherwise utilize Winning Isn't Normal®, the WIN Passage, or any other of his works. If you are interested in sharing a book or poster, please purchase a copy for each recipient. If you have already used Dr. Bell's works without his expressed written permission, please contact Dr. Bell to arrange for payment for what you used and distributed. Thank you for respecting this author and the multitude of hours he spent to produce this work.*

22.  Dr. Bell offers licenses at fair and reasonable rates to others who wish to publish or use the Passage, whether online or through traditional printed publishing. He also provides details regarding how to resolve prior infringements without the need for court intervention.[2]

23.  On or around February 12, 2017 a textual representation of page 8 of *Winning Isn't Normal* was posted on Bobcat Track & Field's social media page:

https://twitter.com/blhstrackfield **(Exhibit 4)**

24.  On or around May 16, 2018 a textual representation of page 8 of *Winning Isn't Normal* was posted on Bobcat Track & Field's social media page:

https://twitter.com/blhstrackfield. This textual representation is devoid of Dr. Bell's name or any other identifying copyright information. **(Exhibit 5)**

---

[2] Id.

25.  On or around May 18, 2018 a textual representation of page 8 of *Winning Isn't Normal* was posted on Bobcat Softball's social media page: https://www.facebook.com/blhssoftball/ This textual representation is devoid of Dr. Bell's name or any other identifying copyright information. **(Exhibit 7)**

26.  On March 9, 2019 a textual representation of page 8 of *Winning Isn't Normal* was posted on Bobcat Track & Field's social media page: https://twitter.com/blhstrackfield. This textual representation (apparently superimposed over the BHLS logo) is devoid of Dr. Bell's name or any other identifying copyright information. **(Exhibit 6)**

27.  After discovering the infringing activity, Dr. Bell provided notice via a cease-and-desist letter to BLUSD on or around April 15, 2019.

28.  As demonstrated by Exhibits 4-9, BOE458 has allowed Mayberry, Russell, and BLUSD to engage in willful copyright infringement and violate the Digital Millennium Copyright Act ("DMCA") by distributing the Passage to over 905 Twitter followers and apparently 822 Facebook followers, knowing that Dr. Bell's copyright management information had been removed which is explicitly prohibited under 17 U.S.C.A. § 1202.

## CLAIMS FOR RELIEF

## COUNT ONE: COPYRIGHT INFRINGEMENT—THE BOOK

29.  Dr. Bell incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

30.  Dr. Bell indisputably holds a valid copyright in the Book (No. TX-0002-6726-44).

31.  Dr. Bell owns the infringed-upon work. The BOE458, through Russell and Mayberry, allowed the copying of one or more constituent and original elements of the Book. By copying these core protected elements in the Book without authorization, the Defendants blatantly infringed upon Dr. Bell's copyright.

32.  The Defendants also publicly displayed one or more constituent and original elements of the Book. By willfully displaying these core protected elements in the Book without authorization, the Defendants blatantly infringed upon Dr. Bell's copyright.

33.  The Defendants copied and displayed this work from Dr. Bell after receiving notice from Dr. Bell, three different times, to cease and desist the copying and display of the copyright protected book. This behavior demonstrates the infringement was willful andintentional. The infringement occurred in violation of federal copyright law, with knowledge that Dr. Bell had not authorized the copying and distribution, and with knowledge that no license or assignment had been granted by Dr. Bell.

34.  Dr. Bell is entitled to injunctive relief and either actual damages or, upon his election, statutory damages pursuant to 17 U.S.C. § 504(b)–(c).

35.  Dr. Bell is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

### COUNT TWO: COPYRIGHT INFRINGEMENT—THE PASSAGE

36.  Dr. Bell incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

37.  Dr. Bell indisputably holds a valid copyright in the Passage (No. TX-8-503-571).

38.  Dr. Bell owns the infringed-upon work.

39.  BOE458 through Mayberry and Russell copied one or more constituent and original elements of the Passage. By willfullycopying these core protected elements in the Passage without authorization, BOE458 allowed blatant infringement of Dr. Bell's copyrighted materials.

40.  BOE458 also allowed public display of one or more constituent and original elements of the Passage. By displaying these core protected elements in the Passage without authorization, BOE458 allowed blatant infringement of Dr. Bell's copyrighted materials.

41.  BOE458 allowed this behavior to occur after having received multiple notices from Dr.

Bell which demonstrates the infringement was willful and intentional. The infringement occurred in violation of federal copyright law, with knowledge that Dr. Bell had not authorized the copying and distribution, and with knowledge that no license or assignment had been granted by Dr. Bell.

42.  Dr. Bell is entitled to injunctive relief and either actual damages or, upon his election, statutory damages pursuant to 17 U.S.C. § 504(b)–(c).

43.  Dr. Bell is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT THREE: DMCA VIOLATION

44.  Dr. Bell incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

45.  BOE458 allowed its employees to publish infringing tweets, copies and displays of text - the Passage - from Dr. Bell's Book, stripped of any notice of copyright, the author's name, surrounding literary text, or other information identifying the work or the author of the work.

46.  The removed or altered information constitutes copyright management information ("CMI") under 17 U.S.C. § 1202(c).

47.  BOE458 allowed distribution of a work and/or copy of a work knowing that CMI had been removed or altered without authority of the copyright owner or the law.

48.  BOE458 had reasonable grounds to know that the distribution would induce, enable, facilitate, or conceal an infringement of rights under the DMCA.

49.  These actions constitute a violation of 17 U.S.C. § 1202(b).

50.  Dr. Bell is entitled to injunctive relief and elects to exercise his entitlement to statutory damages under 17 U.S.C. § 1203(c)(2) – (3).

51.  Dr. Bell is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(4) – (5).

**ATTORNEY'S FEES**

52.  As noted above, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203, Dr. Bell is entitled to recover his attorneys' fees and costs of court.

**JURY DEMAND**

53.  Plaintiff demands a trial by jury.

**PRAYER**

54.  Dr. Bell prays for judgment against the Defendants as follows:

    A.  Statutory damages based on willful copyright infringement, of a sum not more than $150,000.00 per work.

    B.  Alternatively, statutory damages based on innocent copyright infringement, of a sum not more than $30,000 per work.

    C.  Alternatively, actual damages, including costs saved, and Defendants' profits associated with the copyright infringement of each work.

    D.  Statutory damages based on violations of Section 1202 of the DMCA, of a sum not less than $2,500 or more than $25,000 per violation.

    E.  Alternatively, actual damages and Defendant's profits associated with the DMCA violations.

55.  An injunction prohibiting BOE458, BLUSD or its agents and employees from:

    A.  Copying, distributing, using, performing, or displaying the Book, the Passage, or original elements of the same;

    B.  Creating any derivative works based on the Book, the Passage, or original elements of the same without first obtaining a valid license or assignment from

Plaintiff allowing such creation; or

C.  Otherwise engaging in any action to infringe upon Plaintiff's copyrighted works.

56.  Reasonable and necessary attorneys' fees and costs of court;

57.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

58.  Any such other relief at law or in equity to which Dr. Bell shows himself justly entitled.

Date: <u>April 14, 2022</u>                                 Respectfully submitted,


                                                                        Dr. Keith Bell, pro se
                                                                        3101 Mistyglen Circle
                                                                        Austin, Texas  78746
                                                                        Tel: 512-327-2260
                                                                        drkeithbell@gmail.com